**GRANT and Opinion Filed September 19, 2019**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-19-01126-CV**

### IN RE AARON HERBERT, RELATOR

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-04644-A**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

The Texas Citizens Participation Act permits a defendant to file a motion to dismiss in certain specified cases, and it requires the trial court to hear that motion within specific and relatively short deadlines. The movant has a statutory right to an interlocutory appeal from a trial court order denying a TCPA motion—if the trial court holds that hearing and either affirmatively denies the motion or allows it to be denied by operation of law by not timely ruling on it. But, courts of appeals lack jurisdiction over an appeal involving that motion if the trial court refuses to hold a timely hearing despite the movant's reasonable requests to the trial court for that hearing.

This mandamus proceeding presents the question whether the trial court has the discretion to deny a TCPA movant's reasonable requests for a timely hearing and set the motion for hearing after the last possible date that the TCPA permits. We hold that the trial court lacks such discretion

because the TCPA requires the trial court to hold a timely hearing when the movant acts with reasonable diligence to obtain such a hearing. We further hold that the TCPA movant in this situation lacks an adequate remedy by appeal because he forfeits TCPA relief, including a right to an interlocutory appeal, if a timely hearing is not held.

Because the mandamus record establishes that relator Aaron Herbert acted with reasonable diligence to obtain a timely hearing of his TCPA dismissal motion and the trial court has refused to schedule a timely hearing on that motion, we grant mandamus relief and order the trial court to hold a timely hearing of Herbert's motion.

## I. FACTS

Relator Herbert is a plaintiff in the trial court. Real party in interest Kasey Krummel, a defendant in the trial court, filed defamation and invasion of privacy counterclaims against relator.

Relator filed a motion to dismiss Krummel's counterclaims under the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.[1] The record shows that relator served his TCPA dismissal motion on June 22, 2019, and filed it on June 24, 2019.

On July 19, 2019, relator filed a letter requesting a hearing and advising that the TCPA required the dismissal motion to be heard within sixty days after service (August 21, 2019), or within ninety days (September 20, 2019) if docket conditions required an extension. The letter further stated that the trial court's staff had told relator three things:

- "The court wants parties to mediate before setting a motion to dismiss on Anti-SLAPP grounds."

- "This court only sets hearings on dispositive motions on Fridays."

- "The court is experiencing crowded dockets, such as [sic] the earliest date is October 18, 2019."

The letter requested an earlier date than October 18, 2019, given the statutory deadlines.

---

[1] The case was filed before the effective date of the 2019 amendments to the TCPA, so all citations are to the prior version of the statute.

On August 22, 2019, relator filed a motion for emergency hearing on his dismissal motion. Relator's motion explained that the TCPA required his motion to be heard within ninety days after service because the court's docket would not permit a hearing within sixty days after service.

On August 23, 2019, relator filed a letter with the trial court. The letter recounted that relator's counsel had personally appeared in the trial court's courtroom on August 22 to explain the situation and attempt to secure a timely hearing. The letter again argued that relator needed the trial court to set his motion for hearing within the ninety-day deadline and take judicial notice that crowded docket conditions prevented the sixty-day deadline from being met.

On September 16, 2019, relator filed its mandamus petition and emergency motion for relief in this Court. On September 17, 2019, we requested real party in interest and respondent to file their responses to the petition and motion, if any, by noon on September 18, 2019.

Real party in interest timely filed a response opposing the mandamus petition.

## II. ANALYSIS

### A. Applicable Law

TCPA dismissal motions must be heard and resolved on an expedited basis. The hearing generally must be held within sixty days after the motion is served. *Id*. § 27.004(a). The deadline can be extended to ninety days if the court's docket conditions require it, good cause exists, or the parties agree to an extension. *Id*. § 27.004(a), (b). The deadline can be extended to 120 days if the trial court allows discovery, but that is the maximum extension permitted. *Id*. § 27.004(c).

Once a TCPA motion is heard, the trial court must rule on it within thirty days or the motion is denied by operation of law. *Id*. §§ 27.005(b), 27.008(a).

We have held that a TCPA movant forfeits the motion if it fails to get a timely hearing of its motion. *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.); *see also Wightman-Cervantes v. Hernandez*, No. 02-17-00155-

CV, 2018 WL 798163, at *1 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.) (a TCPA motion is not overruled by operation of law, and no interlocutory appeal is permitted, if no hearing is held); *accord RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *1–2 (Tex. App.—Texarkana Aug. 29, 2019, no pet. h.) (mem. op.).

The standard on mandamus is whether relator has shown a clear abuse of discretion and the lack of an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).

**B.     Does the trial court have discretion to deny a TCPA movant's reasonably diligent requests for a timely hearing?**

No, the statute requires the trial court to give a TCPA movant a timely hearing if the movant acts with reasonable diligence to obtain a hearing.

A trial court generally has a reasonable time within which to consider and rule on a motion. *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding) (mem. op.). The circumstances of the case determine whether the court has acted within a reasonable time. *See id.* As explained above, the TCPA presents special circumstances by requiring TCPA motions to be heard within strict deadlines, subject to limited extensions.

Because the TCPA imposes strict deadlines on the hearing of a dismissal motion, and because a party forfeits its dismissal motion if the deadline runs before a hearing can be held, the trial court has less discretion to defer hearing a TCPA motion to dismiss. We conclude that the trial court must set a TCPA motion to dismiss for hearing within the applicable statutory deadline (sixty, ninety, or 120 days after service of the motion, depending on the circumstances) if the movant makes reasonable efforts to obtain a timely hearing. Further, we conclude that the record establishes that the ninety-day deadline applies in this case, based on the trial court's docket conditions, and relator made reasonable efforts to obtain a timely hearing. Thus, we conclude that

the trial court clearly abused its discretion by not setting and conducting a hearing on relator's TCPA motion within the ninety-day deadline.

Moreover, we conclude that relator has no adequate remedy by appeal. A main purpose of the TCPA is to achieve the expeditious dismissal of unmeritorious cases that come within its purview. *See In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding) (noting that TCPA creates "a special procedure for the expedited dismissal" of covered suits). If we do not correct the trial court's error now, relator's dismissal motion will be forfeited, at least for purposes of the TCPA's expedited dismissal procedure and accompanying interlocutory appellate remedy. *See* CIV. PRAC. § 51.014(a)(12) (allowing interlocutory appeal from order denying TCPA dismissal motion); *see also Braun*, 2017 WL 4250235, at *3 (defendant forfeits TCPA's protections if it doesn't timely file its motion "and obtain a hearing"). For these reasons, this is a case in which mandamus review is "essential to preserve important substantive and procedural rights from impairment or loss." *In re Prudential Ins. Co.*, 148 S.W.3d at 136. Accordingly, we conclude that relator lacks an adequate remedy by appeal. *Cf. Braun*, 2017 WL 4250235, at *3 n.4 (noting that appeal did not present question of whether a movant would be entitled to mandamus relief if trial court refused to set a timely hearing).

## III. CONCLUSION

We grant relator's petition for writ of mandamus and order that a writ of mandamus issue instanter requiring the trial court to set relator's TCPA dismissal motion for hearing no later than Friday, September 20, 2019.

/Bill Whitehill/

BILL WHITEHILL

JUSTICE

191126F.P05

–5–